...
...
...

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CASEY ATES**, | : | |
| Petitioner, | : | |
| v. | : | No. 5:16-cv-00022-MTT-CHW |
| **AHMED HOLT, Warden**, *et. al.*, | : | |
| | : | **Habeas Corpus** |
| | : | **28 U.S.C. § 2254** |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

Petitioner, Casey Ates, pled guilty to sale of cocaine, felony obstruction, and felony shoplifting in the Superior Court of Bleckley County in November of 1997. Doc. 12-2, p. 1. Upon conviction, Petitioner was sentenced to twenty-five years, with an additional five years to be served consecutively. *Id.* On March 1, 2012, Petitioner was granted parole by the Georgia State Board of Pardons and Paroles. Doc. 12-1, p. 1. Due to numerous violations of his parole, Petitioner's parole was revoked on March 19, 2015. *Id.* On April 13, 2015, Petitioner filed his first state habeas petition regarding his March parole revocation in the Superior Court of Butts County. Doc. 12-2. Petitioner alleged that the revocation of his parole violated his right to due process, equal protection, and prohibition of cruel and unusual punishment. Doc. 12-2, pp. 10-18.

On July 13, 2015, Petitioner voluntarily moved to dismiss his state habeas petition. Doc. 12-3. Petitioner gave no reason why he wanted his habeas petition to be dismissed, but moved to dismiss his petition without prejudice. *Id.* The Superior Court of Butts County granted Petitioner's motion and dismissed the state habeas petition without prejudice. Doc. 12-4.

Petitioner filed a second state habeas petition in the Superior Court of Jenkins County on August 28, 2015. Doc. 12-5. This second habeas petition also attacked Petitioner's March 2015 parole revocation. *Id.* at 3. On November 12, 2015, Petitioner again filed a Motion to Dismiss his state petition without prejudice in the Superior Court of Gwinnett County. Doc. 12-6. Petitioner's motion was granted, and on November 23, 2015, Petitioner's second state habeas petition was dismissed. Doc. 12-7.

The present federal habeas petition challenging Petitioner's March parole revocation was filed on January 5, 2016, in the Northern District of Georgia. Doc. 1. The petition was transferred to this district because of this Circuit's practice to transfer habeas petitions to the district within which the petitioner was convicted. Doc. 13.  Respondent has filed an answer to the habeas petition and concurrently filed a Motion to Dismiss because of Petitioner's failure to exhaust state remedies. Doc. 10; Doc. 11. Petitioner has responded to Respondent's Motion to Dismiss and subsequently filed a Motion for Injunctive Relief, Motion to Proceed, and a Motion for Discovery. Doc. 14; Doc. 15.

Respondent has notified the Court that Petitioner filed a third state habeas corpus petition challenging his 2015 parole revocation on March 25, 2016. Doc. 17, p. 3; *Ates v. Holt*, No. 16A-03025-1 (Gwinnett Super. Ct.). According to the Superior Court of Gwinnett County's website,[1] Petitioner's state petition was denied by the Superior Court on July 15, 2015, and is currently on appeal.

## DISCUSSION

Respondent is entitled to dismissal because Petitioner has not exhausted state remedies before filing his federal habeas petition. A petitioner must exhaust state court remedies before filing a 28 U.S.C. § 2254 habeas corpus petition in federal court. *O'Sullivan v. Boerckel*, 526

---

[1] https://www.gwinnettcourts.com/casesearch/casedetail.aspx?Ly8aUJ6KqpYd8eGrz20EGA.

U.S. 838, 848 (1999); *Vazquez v. Sec'y, Florida Dep't of Corr.*, 827 F.3d 964, 966 (11th Cir. 2016); 28 U.S.C. § 2254(b)(1)(A). To exhaust state court remedies, a petitioner must give a state court a fair opportunity to review the habeas corpus claims and provide any necessary relief. *O'Sullivan*, 526 U.S. at 848; *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). For a petition to be "fairly presented" before a state court, a petitioner must present "his claims to the state court such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." *McNair*, 416 F.3d at 1302.

Petitioner has not fairly presented his petition before a state court. Petitioner filed his first state petition on April 13, 2015, challenging his March 2015 parole revocation. Doc. 12-2. Three months later on July 13, 2015, Petitioner voluntarily dismissed his state petition without prejudice. *Id.* On August 28, 2015, Petitioner filed his second state habeas petition in the Superior Court of Jenkins County. Doc. 12-5. Again, on November 12, 2015, Petitioner moved for his state petition to be dismissed without prejudice. Doc. 12-6.

Because Petitioner voluntarily dismissed both of his state court petitions before they could be heard, Petitioner did not fairly present his claims to the state courts before filing this federal action. Petitioner's third petition was filed after this action and apparently remains pending. The state courts thus have not had a full and fair opportunity to hear Petitioner's habeas petition and render any necessary relief. By failing to exhaust state court remedies available to him before bringing his federal petition, Petitioner has not met the exhaustion requirement of Section 2254(b). Accordingly, it is **RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED** and Petitioner's federal habeas petition be **DISMISSED.** Given that dismissal is recommended, Petitioner's remaining motions are **RECOMMENDED** to be **DENIED.**

Additionally, Petitioner has not demonstrated any cause to escape dismissal. Habeas petitioners may avoid procedural dismissal of their petitions by "demonstrating 'cause' and 'prejudice' or 'a fundamental miscarriage of justice' in order to excuse the default." *Isaacs v. Head*, 300 F.3d 1232, 1255 (11th Cir. 2002); *Bailey v. Nagle,* 172 F.3d 1299, 1306 (11th Cir. 1999). Petitioner has not demonstrated any cause for bringing this action before presenting his claims fully before a state court. *See Singleton v. Barrow*, 333 F. App'x 426, 428 (11th Cir. 2009). The procedural bar of Section 2254(b) cannot be avoided and Respondent is entitled to dismissal.

A stay and abeyance is not warranted for Petitioner's federal petition. Federal courts may not review "mixed petitions," or petitions that contain exhausted and unexhausted habeas claims. *Rhines v. Weber*, 544 U.S. 269, 273 (2005). Instead of dismissing mixed petitions and allowing the petitioner to return to state court to present their unexhausted claims, district courts may stay a "mixed" federal petition and hold it in abeyance while the petitioner returns to state court. *Rhines*, 544 U.S. at 273-75. In the case at hand, Petitioner's federal habeas petition is not mixed because none of the claims in the petition have been exhausted. To grant a stay and to hold this petition in abeyance would be inappropriate.

## **CONCLUSION**

Petitioner is in violation of § 2254(b) for not exhausting state court remedies before filing this federal habeas petition. It is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 11) be **GRANTED** and Petitioner's case be **DISMISSED.** Additionally, it is **RECOMMENDED** that Petitioner's remaining motions be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, **WITHIN FOURTEEN (14)**

**DAYS** after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 22nd day of November, 2016.


      s/ Charles H. Weigle
     Charles H. Weigle
     United States Magistrate Judge