IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CASEY ATES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:16-CV-22 (MTT) |
| ) | |
| AHMED HOLT, Warden, *et. al.*, ) | Habeas Corpus |
| ) | 28 U.S.C. § 2254 |
| ) | |
| Respondents. ) | |
| ) | |

## ORDER

Magistrate Judge Charles H. Weigle recommends granting Respondent's Motion to Dismiss Petitioner's federal habeas petition for failure to exhaust state court remedies. Doc. 18. Additionally, the Magistrate Judge recommends Petitioner's remaining motions be denied. Doc. 18. Neither party has objected to the Recommendation. The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court.

In order to file a 28 U.S.C. § 2254 petition for writ of habeas corpus, a petitioner must first exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Vazquez v. Sec'y, Florida Dep't of Corr.*, 827 F.3d 964, 966 (11th Cir. 2016). Here, Petitioner has failed to do so. Petitioner's § 2254 petition challenges the revocation of his parole on March 19, 2015. Doc. 1. Petitioner has previously filed two habeas petitions in state court challenging his revocation of

parole and voluntarily dismissed both petitions.  Docs. 12-2; 12-3; 12-4; 12-5; 12-6. Petitioner has also filed a third habeas petition challenging the revocation of his parole in state court that is still pending.[1]  Doc. 17 at 3; *Ates v. Holt*, No. 16A-03025-1 (Gwinnett Super. Ct.).  As a result, Petitioner has not yet fairly presented his habeas claims before the state court and provided the state court an opportunity to review those claims.  *O'Sullivan*, 526 U.S. at 848; *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005).  Therefore, Petitioner's habeas petition is barred by the exhaustion requirement of § 2254(b).  Petitioner has not demonstrated cause to avoid the procedural bar for bringing a federal habeas action before fully presenting his claims to the state court.  *See Singleton v. Barrow*, 333 F. App'x 426, 428 (11th Cir. 2009); *Isaacs v. Head*, 300 F.3d 1232, 1255 (11th Cir. 2002).

Accordingly, Respondent's Motion to Dismiss (Doc. 11) is **GRANTED** and Petitioner's federal habeas petition is **DISMISSED** for failure to exhaust state court remedies.  Additionally, Respondent's Motion for Injunctive Relief (Doc. 14 at 1-3), Motion to Proceed (Doc. 14 at 4-6), and Motion for Discovery (Doc. 16) are **DISMISSED**.

**SO ORDERED**, this 4th day of January, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Petitioner's latest habeas petition was denied by the Superior Court on July 15, 2015 and is currently on appeal. https://www.gwinnettcourts.com/casesearch/casedetail.aspx?Ly8aUJ6KqpYd8eGrz20EGA.